## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

SLOAN L. SHOCK,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-12-093-RAW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

### REPORT AND RECOMMENDATION

Plaintiff Sloan L. Shock (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 17, 1964 and was 46 years old at the time of the ALJ's decision. Claimant completed her high school education and an associate's degree. Claimant has worked in the past as an oil field supply and service sales representative, bartender, administrative assistant, and instrument technician. e

trimmer, rock stacker, and pipe controller. Claimant alleges an inability to work beginning February 27, 2009 due to limitations resulting from lupus and fibromyalgia.

## Procedural History

On June 19, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 13, 2011, an administrative hearing was held before ALJ Michael Kirkpatrick by video with Claimant appearing in Fort Smith, Arkansas and the ALJ located in McAlester, Oklahoma. On May 3, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on December 29, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to fully and fairly develop the record; (2) failing to consider the totality of Claimant's severe impairments; (3) failing conduct a proper credibility analysis; (4) making an improper RFC determination; and (5) making inadequate findings to support his conclusions at step five.

## Development of the Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, COPD, and adjustment disorder with depressed mood. (Tr. 25). He concluded that Claimant could lift and/or carry at least 20 pounds occasionally and at least 10 pounds frequently, stand and/or walk for at least 6 hours during an 8 hour workday, and sit for at least 6 hours out of an 8 hour workday. He determined Claimant could perform both simple, routine, unskilled tasks, and also detailed, semi-skilled tasks, but not complex, skilled tasks. No other work related functional limitations were found. (Tr. 27). Based upon this RFC, the ALJ found Claimant could perform a wide range of light work as well as the inclusive sedentary work. After consultation with a vocational expert, the ALJ stated that Claimant could perform the jobs of housekeeping cleaner, bottling line attendant, and cashier - all of which exist in significant numbers in the regional and national

economies.  (Tr. 34).

Claimant contends the ALJ did not fully and fairly develop the record.  Specifically, she argues the ALJ should have had two of the consultative physicians complete medical source statements.  On September 11, 2009, Dr. Wojciech L. Dulowski performed a physical consultative examination of Claimant.  He found Claimant to have good coordination, equal strength in the upper and lower extremities, no tremor, no pathological reflexes, symmetrical deep tendon reflexes in the upper and lower extremities, no muscle atrophy, intact sensation to all dermatomes, and cerebral and motor function was normal.  He also determined Claimant had normal range of passive motion of all joints and a normal gait, but she was "very tender" over the cervical, thoracic, lumbar spine and had 18 points of tenderness for fibromyalgia.  (Tr. 317).  Dr. Dulowski's final assessment was SLE, history of fibromyalgia, chronic fatigue syndrome, and history of COPD and asthma.  (Tr. 318).

On February 25, 2010, Claimant underwent a consultative psychological evaluation by Dr. Melinda Shaver.  Claimant did not exhibit thought disorder, demonstrated appropriate thought content and did not appear to experience delusions.  Claimant denied auditory or visual hallucinations.  Claimant described her mood as depressed, tired, restless, and unhappy.  She denied having

thoughts of suicide or homicide. Her sensorium appeared clear but her knowledge of general information was poor. Claimant's insight was good and she appeared to understand that she has depression but is physically unable to take medication. Her judgment appeared good. (Tr. 378). Dr. Shaver diagnosed Claimant with adjustment disorder with depressed mood, problems with social environment, occupational problems, and economic problems. Dr. Shaver estimated Claimant's GAF at 56. She concluded that Claimant's prognosis was fair and that her depression appeared to be due to her physical health problems and level of pain. (Tr. 379).

Additionally, a Psychiatric Review Technique form was completed by Dr. Dorothy Millican-Wynn on March 3, 2010. Dr. Millicanp-Wynn found Claimant suffered from adjustment disorder with depressed mood. (Tr. 383). She ascertained that Claimant was mildly limited in the areas of restrictions on activities of daily living, difficulties in maintaining social functioning and moderately limited in difficulties in maintaining concentration, persistence, or pace. (Tr. 390). Dr. Millican-Wynn concluded Claimant's adjustment disorder currently limits her to semi-skilled work. (Tr. 392).

Dr. Millican-Wynn also completed a Mental Residual Functional Capacity Assessment form on the same date. She found Claimant was

moderately limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. (Tr. 394). With regard to work functioning, Dr. Millican-Wynn determined Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, could adapt to a work situation, and could interact appropriately with the general public. (Tr. 396).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). Further, the "ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The ALJ is required to ask enough questions to ascertain "'(1) the nature of a claimant's alleged impairments, (2)

what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'" Id. Additional testing and consultative evaluation may be required if the medical evidence is in conflict or is inconclusive. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997); 20 C.F.R. § 404.1519a(b)(4).

Nothing in the record gives rise to a conflict such that additional statements were required. Functional evaluation was achieved through other medical professionals such as Dr. Millican-Wynn and the ALJ did not shirk his duty by failing to order medical source statements from Drs. Dulowski and Shaver.

### Additional Impairments

Claimant next states that the ALJ improperly excluded her condition of lupus as a severe impairment. Indeed, Dr. Dulowski, upon whom the ALJ conferred "great weight" to his opinions, concluded Claimant suffered from systemic lupus erythematosus ("SLE"). (Tr. 31, 318). The basis for the ALJ's rejection of this condition was the April 14, 2010 report of Dr. Bruce A. Baethge, a consulting rheumatologist. While he found Claimant suffered from SLE by history, Dr. Baethge determined Claimant had no evidence of renal disease, active arthritis by exam, and with negative ANA in his lab, he believed Claimant was no longer suffering from active

lupus. Dr. Baethge did find Claimant had an elevated SED rate suggesting a hidden inflammatory disease. As a result, he recommended that Claimant take hydroxychloroquine, which he found to be the safest for lupus. (Tr. 410). Nevertheless, Claimant contends the condition should have been recognized as a severe impairment. However, the fact a condition has been diagnosed does not translate into a disability. *See*, Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). Claimant does not indicate any additional limitations imposed by Claimant's SLE. As a result, the ALJ adequately included all conditions resulting in disability at step two.

## Credibility Determination

The ALJ found Claimant's statements regarding her limitations to be less than fully credible. He specifically stated that "[t]he claimant's allegations regarding her impairments are out of proportion with the objective medical findings. (Tr. 32). The ALJ then reviewed the medical evidence in light of Claimant's assertions of limitation. (Tr. 32-33).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are

peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. Given the ALJ's linking of the medical evidence with the findings on credibility, this Court concludes that the ALJ properly assessed Claimant's credibility in light of the medical record.

### RFC Evaluation

Claimant also contends the ALJ failed to properly assess her limitations in arriving at an RFC. Claimant has failed to cite to

11

medical evidence of limitation upon her ability to engage in light work. Instead, she has set out her medical conditions and asked the Court to conclude that they necessarily result in limitations which would preclude engaging in work related activities. The ALJ's RFC findings are well-supported by the consultative examiner's opinions.

### Step Five Findings

Claimant contends the ALJ failed to accurately set forth Claimant's impairments and limitations in his hypothetical questioning of the vocational expert. The questions posed by the ALJ mirrored his RFC findings. (Tr. 71-72). A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. <u>Gay v. Sullivan</u>, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. <u>Shepherd v. Apfel</u>, 184 F.3d 1196, 1203 (10th Cir. 1999). Since this Court has found the ALJ's RFC determination was proper, the limitations included in the questioning of the vocational expert were appropriate.

### Conclusion

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this _26th_ day of January, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE